Nathaniel T. Helman, J.
In this habeas corpus proceeding, relator seeks the return of her infant child, now in the custody of the Department of Welfare. It appears that the father, while *366 the child was within his care, was apprehended by the police for intoxication, and the child placed in the custody of the Department of Welfare. On the basis of the character, background and home life of the parents, the Commissioner now urges that the parents are unfit to carry out their responsibilities to the child, and requests a dismissal of the writ.
Section 383 of the Social Welfare Law authorizes the retention of a child by the Commissioner, subject to the further order of the court, in a case where the child has been remanded or committed to the agency. Section 395 speaks of the responsibility of the Commissioner to provide support and protection of a needy child, and investigatory powers in the area of neglect and abandonment are added by section 398.
Once a child falls in the category of a “ neglected child ”, however, exclusive jurisdiction over questions of custody, care and control has been placed in the hands of the Family Court (Family Court Act, §§ 312, 313). While the temporary removal of a child from his home by a peace officer is authorized in cases of emergency where “ immediate danger to the child’s life or health” are involved, diligent application to the Family Court for continued custody must be made (Family Court Act, §§ 324, 325).
The difficulty with the position of the Commissioner is that (1) the child was not in the first instance “ remanded or committed ” to his care, and (2) having had custody since March 5, 1963, the Commissioner has not petitioned the Family Court for a hearing to determine the status of the infant as a ‘ ‘ neglected child ’ ’, nor has he sought leave from that court to retain temporay custody. Since retention under these circumstances has no legal basis, the superior right of the mother to care and custody of her child “ carries a presumptive strength which can be overcome only by a powerful showing that the interests of the child require that custody be wrested away.” (People ex rel. Grament v. Free Synagogue Child Adoption Comm., 194 Misc. 332, 337; People ex rel. Kropp v. Skepsky, 305 N. Y. 465.)
After a great many years of study and research, the Legislature has provided a specific forum for the problems of the “ neglected child ”, and resort must be had to that court before the department can assert custodial rights superior to that of the natural parents. The writ is sustained.